# United States Court of Appeals for the Fifth Circuit

_____

No. 24-10178
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL YORK,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-115-1

_____

Before DAVIS, SMITH, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Samuel York appeals his conviction under 18 U.S.C. § 922(g)(1). First, he argues that § 922(g)(1) is facially unconstitutional under the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Second, he argues that § 922(g)(1) requires a closer connection to interstate commerce than the facts established in his case or,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10178

alternatively, exceeds Congress's authority under the Commerce Clause. The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

The Government is correct that York's facial Second Amendment challenge is foreclosed, *see United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 24, 2025) (24-6625), as are his Commerce Clause arguments, *see United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).  Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.